**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF NEW YORK**

| | |
|---|---|
| AUGUST IMAGE, LLC,<br>Plaintiff,<br><br>v.<br><br>ENGROST, INC.,<br>Defendant, | )<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>)<br>)<br>) |

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Engrost, Inc. ("Defendant") alleges as follows:

**SUBSTANCE OF THE ACTION**

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq*.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2.      Plaintiff is a New York limited liability company with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3.      Upon information and belief, Defendant is a Delaware corporation doing business in New York and may be served with process through Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, Delaware 19958.

**JURISDICTION AND VENUE**

4.      This is a civil action seeking damages and injunctive relief for copyright

1

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.    Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.    Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Plaintiff's Business

7.    Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection.  Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video.  On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

8.    Among the many awarding winning photographers for whom Plaintiff serves as the exclusive licensing agent is the professional photographers Miller Mobley, Joe Pugliese, and David Needleman.  These are extremely well-regarded photographers, particularly known for their portraits of film, TV, and music personalities.  The high-profile nature of their work has provided these photographers with exclusive access to some of the most celebrated cultural

figures in the arts.  Through hard work and extraordinary creativity and vision, these photographers have earned the respect of these celebrities, who guard their images carefully, and do not provide access to just any photographer.  They require photographers of this level because their images are valued for their exclusivity, thus empowering the brand of the subjects he photographs.

9.    Mr. Mobley is the sole author of the following group portrait Michael, Lola, and Joaquin Consuelos, the three children of talk show host Kelly Ripa and actor Mark Consuelos, hereinafter referred to as the "AU2189695:"



10.    Mr. Mobley has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-348-638 for the copyrights in and to AU2189695.

11.    Mr. Pugliese is the sole author of the following portrait of the celebrated actor Treat William, hereinafter referred to as the "AU1400812:"



12.    Mr. Pugliese has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VAu 1-163-131 for the copyrights in and to AU1400812.

13.    Mr. Needleman is the sole author of the following portrait of American rapper Future alongside his powerhouse manager, Ebonie Ward, one of the most influential executives in the music industry, hereinafter referred to as the "AU2476073," and together with AU1400812 and AU2189695, collectively, "the Copyrighted Works"):



14.    Mr. Pugliese has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-334-441 for the copyrights in and to AU2476073.

15.    The Copyrighted Works are original works of authorship.

16.    Plaintiff is, and has been at all relevant times, the beneficial owner as the exclusive licensee of the copyrights in and to the Copyrighted Works.

17.    Plaintiff licenses the Copyrighted Works for professional applications including editorial, advertising, corporate and non-profit use.

**B.    Defendants' Unlawful Activities**

18.    Upon information and belief, Defendant is a multi-million-dollar media company that owns and operates websites like Distractify.com, GreenMatters.com, and MarketRealist.com.  These websites do not charge readers—so they make money for Defendant primarily from traffic, advertising, and partnerships.  They place ads on their pages (banners, videos, in feed ads) and Defendant earns money at these websites based on Cost Per Miller or CPM, meaning advertisers pay for a certain number of views, like 1,000 views.  Defendant also earns money in the Cost Per Click or CPC model.  The more people to visit the site and click on the ad, the more money Defendant earns.

19.    Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Works.  Specifically, Plaintiff discovered the Copyrighted Works being used on Defendant's websites, as evident in the following screenshots:

5



URL: https://marketrealist.com/p/why-is-kelly-ripa-in-michigan/
Screenshot Taken: 2025-03-20 16:40 (Europe/Budapest)   Case ID: CAS-131511   URL ID: UID-01051470   IP Addresses: Client "89.134.3.49" contacted server "marketrealist.com" at "44.218.116.155".



URL: https://marketrealist.com/net-worth/patrick-byrne-net-worth/
Screenshot Taken: 2025-03-20 16:41 (Europe/Budapest)   Case ID: CAS-131511   URL ID: UID-01051472   IP Addresses: Client "89.134.3.49" contacted server "marketrealist.com" at "44.218.116.155".



20.     Defendant has used the Copyrighted Works to attract users and generate revenue and profit for Defendant.

21.     Upon information and belief, Defendant decided it needed portraits of celebrities to attract and retain viewership at its websites Distractify.com, GreenMatters.com, and MarketRealist.com. To satisfy that purpose Defendant, or someone on its behalf, searched the internet for celebrity portraits, located the Copyrighted Works and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in the creation of content for commercial purpose, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

22.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works within the last three years.

23.     Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works are without Plaintiff's authorization.

24.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because Defendant is in the media business and is thus familiar with copyright law and the need to seek a license for the use of the Copyrighted Work, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway.

25.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful in that it was in reckless disregard of Plaintiff's copyrights.

26.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful or in reckless disregard of Plaintiff's copyrights because Defendants were willfully blind to the risk of infringement by using the Copyrighted Works on its websites for commercial purposes without obtaining authorization for the use of the Copyrighted Works.

27.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful in that this is not Defendant's first time to be sued for copyright infringement.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

28.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

29.     The Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

30.     As exclusive licensee, Plaintiff has, and has had at all relevant time, sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

31.    Upon information and belief, as a result of Plaintiff's licensing of the Copyrighted Works to others for public display, Defendant had access to the Copyrighted Works prior to the creation of the infringing publications.

32.    By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Works at the infringing websites.

33.    Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

34.    As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

35.    In addition, at Plaintiff's election, also pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the profits of Defendant s from infringement of the Copyrighted Works, which amounts will be proven at trial.

36.    In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for the Copyrighted Works with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

37.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no

9

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors,

10

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 25, 2026

Respectfully submitted,


/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*August Image, LLC*